**In re: James RILEY, Petitioner.**

No. 07–1652.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. March 22, 2007.

Filed: March 30, 2007.

James Riley, Smyrna, DE, pro se.

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

*Pro se* petitioner James Riley seeks a writ of mandamus to compel the United States District Court for the District of Delaware to rule immediately on his motions for reconsideration.

October 27, 2006, the District Court denied Petitioner's motion for a preliminary injunction/temporary restraining order. On November 7, 2006,[1] Petitioner filed a timely motion for reconsideration of the that order. Thereafter, on December 18, 2006, Petitioner filed a supplemental motion for reconsideration of the District Court's order entered October 27, 2006.

The remedy of mandamus is reserved for the most extraordinary of circumstances. *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). To ensure that mandamus relief is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (quoting *United States v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899))). Here, petitioner seeks an order directing the District Court to rule immediately on his two motions for reconsideration. Petitioner has not demonstrated that his right to such a ruling is "clear and indisputable."

As we have previously held, the management of its docket is committed to the sound discretion of the district court. *In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir.1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." *Allied Chem. Corp.,* 449 U.S. at 35–36, 101 S.Ct. 188. Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. *Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996).

Petitioner has not demonstrated undue delay in this case. Here, the District Court has not acted upon the Petitioner's original motion for reconsideration for approximately four months. This delay is not excessive. We trust that the District Court will respond to the parties' filings in an expeditious manner. Accordingly, we will deny the petition for a writ of mandamus.

---

1. Petitioner's motion is considered "filed" when he hands it over to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Because Petitioner signed his motion for reconsideration on November 7, 2006, we will consider the motion filed as of that date.